Dear Senator Wiggins:
You have requested an opinion of this office on the following question:
 To what extent, if any, does the Division of Professional Registration or the Department of Economic Development, have the authority to set salaries, alter the level of salaries, or refuse to process administrative documents necessary to affect levels of salaries of personnel as defined in Section 620.010.16(4) RSMo., Supp. 81, of any of the boards or commissions assigned to the Division of Professional Registration, so long as the board or commission in question has complied with the requirements of Section 620.010.16(5) RSMo., Supp. 81? More specifically, does the Division of Professional Registration or the Department of Economic Development have any authority to take such action or actions based upon compliance of the boards or commissions with the aforementioned statutory provisions?
 Additionally, must a job and pay plan relating to the boards and commissions in the Division of Professional Registration be promulgated as a rule pursuant to the provisions of Chapter 536, as well as any modifications to a plan?
Sections 620.010.16(4) and (5), RSMo Supp. 1984 state:
 (4) "Board personnel", as used in this section or chapters 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 345 and 346, RSMo, shall mean personnel whose functions and responsibilities are in areas not related to the clerical duties involving the issuance and renewal of licenses, to the collecting and accounting for moneys, or to financial management relating to issuance and renewal of licenses; specifically included are executive secretaries (or comparable positions), consultants, inspectors, investigators, counsel, and secretarial support staff for these positions; and such other positions as are established and authorized by statute for a particular board or commission. Boards and commissions may employ legal counsel, if authorized by law, and temporary personnel if the board is unable to meet its responsibilities with the employees authorized above. Any board or commission which hires temporary employees shall annually provide the division director and the appropriation committees of the general assembly with a complete list of all persons employed in the previous year, the length of their employment, the amount of their remuneration and a description of their responsibilities.
 (5) Board personnel for each board or commission shall be employed by and serve at the pleasure of the board or commission, shall be supervised as the board or commission designates, and shall have their duties and compensation prescribed by the board or commission, within appropriations for that purpose, except that compensation for board personnel shall not exceed that established for comparable positions as determined by the board or commission under the job and pay plan of the department of consumer affairs, regulation and licensing. Nothing herein shall be construed to permit salaries for any board personnel to be lowered except by board action.
As you are aware, the Department of Economic Development, hereafter referred to as "Department", has now assumed the duties of the former Department of Consumer Affairs, Regulation and Licensing. See Article IV, Section 12, Missouri Constitution.
Under Section 621.010.16(5), the Department may produce a departmental job and pay plan showing the maximum salaries of "comparable positions" with increments determined by experience and other relevant factors and "the compensation of board personnel shall not exceed that established for comparable positions as determined by the board or commission under the job and pay plan of the department".
The words " as determined by the board or commission" after the words "comparable positions" mean that each board or commission must appropriately determine how the position being budgeted fits into the "comparable positions" in the departmental job and pay plan. Thus, when the boards and commissions budget a position, they should indicate the comparable positions on the departmental job and pay plan. We believe that a reasonable interpretation of this statute permits the Department to reduce budgeted salary increases which exceed the maximum amount of compensation for comparable positions or to modify the budget when, in the view of the department, a board or commission incorrectly determines a "comparable position" within the department job and pay plan.
We note that Section 620.010.16(5) states that nothing herein shall be construed to permit salaries for any board personnel to be lowered except by board action. In our view, this means that the salary of the board personnel may not be lowered below the "current" rate actually being received. However, reading Section620.010.16(5) as a whole makes it clear that a board cannot increase such a salary level above the increment level established by the pay plan as determined by the Department based on experience or other relevant factors. You have not furnished us with particular facts and, therefore, we do not opine on any particular factual situation. Further, it would not be appropriate for us to do so in the premises.
Your last question asks whether the departmental pay plan has to be promulgated as a rule under Chapter 536, RSMo. A statement which concerns only the internal management of an agency and which does not substantially affect the legal rights of the public or any segment thereof, is not a rule as defined in Section536.010, RSMo 1978. Therefore, in our view, such job or pay plans are not required to be published as a rule.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General